**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| **ALEXIS M. WARREN** | ) |
|  | )    **Civil Action No.** |
| **Plaintiff,** | ) |
| vs. | ) |
|  | ) |
| **ENCORE RECEIVABLE** | ) |
| **MANAGEMENT, INC.** | ) |
|  | ) |
| **Defendant.** | ) |

## COMPLAINT
## UNLAWFUL DEBT COLLECTION PRACTICES

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4. Plaintiff Alexis M. Waren is an adult individual residing at 395 Fenimore Street, Brooklyn, NY 11225.

5. Defendant Encore Receivable Management, Inc. (hereafter "ERMI") is a corporation with its principal office located at 400 North Rogers Road, Olathe, KS 66063. The principal purpose of Defendant is the collection of debts already in default using the mails and

telephone, and Defendant regularly attempts to collect said debts.

## V     FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired by GE Money Bank to collect a debt relating to consumer credit card purchases that were allegedly originally owed to GE Money Bank (hereafter the "debt")

7. The alleged debt at issue arose out of a transaction that were primarily for personal, family or household purposes.

8. On or about January 5, 2009, Defendant wrote and sent directly to the Plaintiff by U.S. mail a collection or "dunning" letter, which, *inter alia*, attempted to coerce Plaintiff into paying the debt (hereafter referred to as the "Letter") (True and correct copy of the Letter is attached as Exhibit "A" and is incorporated herein).

9. Notwithstanding the above, on or about February 8, 2009, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least six (6) times on that day.

10. Notwithstanding the above, on or about February 9, 2009, Defendant contacted Plaintiff at her place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least eight (8) times on that day. The last of these calls was received at 9:45 p.m.

11. Notwithstanding the above, on or about February 10, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least seven (7) times on that day. During one of these phone calls, Plaintiff told Defendant that she was the

victim of identity theft and that debt was not hers and that she disputed the debt.

12.     Notwithstanding the above, on or about February 13, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least four (4) times on that day.

13.     Notwithstanding the above, on or about February 14, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14.     Notwithstanding the above, on or about February 17, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted including but not limited to, at least five (5) times on that day.

15.     Notwithstanding the above, on or about February 18, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least ten (10) times on that day.  The last of these calls was received at 9:21 p.m.

16.     Notwithstanding the above, on or about February 19, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted including but not limited to, at least seven (7) times on that day.

17.     Notwithstanding the above, on or about February 20, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least two (2)

times on that day.

18. Notwithstanding the above, on or about February 21, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least ten (10) times on that day.

19. Notwithstanding the above, on or about February 22, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least five (5) times on that day.

20. Notwithstanding the above, on or about February 23, 2008, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least seven (7) times on that day.

21. Notwithstanding the above, on or about February 24, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least ten (10) times on that day.

22. Notwithstanding the above, on or about February 25, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least nine (9) times on that day.

23. Notwithstanding the above, on or about February 26, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to

annoy, abuse, and harass such persons contacted, including but not limited to, at least nine (9) times on that day.

24. Notwithstanding the above, on or about February 27, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least seven (7) times on that day.

25. Notwithstanding the above, on or about February 28, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least seven (7) times on that day.

26. Notwithstanding the above, on or about March 1, 2009, Defendant contacted Plaintiff at his place of residence in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted, including but not limited to, at least seven (7) times on that day.

27. The Defendant acted in a false, deceptive, misleading and unfair manner by harassing, oppressing and abusing the Plaintiff including, but not limited to, repeatedly and continuously contacting the above person with the intent to annoy, abuse, and harass such person contacted on at least 122 times over the course of less than one month.

28. The Defendant acted in a false, deceptive, misleading and unfair manner by misrepresenting the amount, character or legal status of a debt and continuing to communicate directly with Plaintiff at least 100 times with regards to the debt after Plaintiff had notified Defendant that she was the victim of identity theft and that she disputed the debt.

29. The Defendant acted in a false, deceptive, misleading and unfair manner by

contacting Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff.

30. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

31. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

32. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

33. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, damage to Plaintiff's credit, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

### V. FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

36. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

37.     The above contacts by Defendant are "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

38.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692d(5), 1692e, 1692e(2)(a), 1692f, and 1692g, as evidenced by the following conduct:

(a)     Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(b)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number;

(c)     Communicating with the Plaintiff at an unusual time or place or a time or place known or which should be known to be inconvenient to the plaintiff;

(d)     The false representation of the amount, character or legal status of a debt; and

(e)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff.

39.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

40.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    (b)    That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    (c)    That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    (d)    That the Court grant such other and further relief as may be just and proper.

## VI.    SECOND CLAIM FOR RELIEF- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42.    As a result of Defendant's reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

43.    Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to her physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VII.    THIRD CLAIM FOR RELIEF-INVASION OF PRIVACY

44.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth

at length herein.

45. Defendant continuously and repeatedly contacting Plaintiff at Plaintiff's place of residence constitutes an invasion of privacy.

46. As a result of Defendant's above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## VIII.   JURY TRIAL DEMAND

47. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQ.
Attorneys for Plaintiff
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

DATE: April 3, 2009